# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **METHODIST HEALTH SERVICES CORPORATION,** <br><br> Plaintiff, <br><br> v. <br><br> **OSF HEALTHCARE SYSTEM d/b/a ST. FRANCIS MEDICAL CENTER,** <br><br> Defendant. | No. 14 CV 7748 <br><br> Magistrate Judge Mary M. Rowland |

## ORDER

Defendant's Motion to Compel Discovery of United Health Care Services [4] is **GRANTED IN PART**, as described below.

## STATEMENT

This is a discovery dispute concerning a July 29, 2013 subpoena issued by Defendant OSF Healthcare System (OSF) to nonparty United Healthcare (United). The underlying litigation is an antitrust lawsuit between two hospital systems located in central Illinois. *See Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, No. 13 CV 1054 (C.D. Ill. filed Feb. 5, 2013).

After lengthy negotiations, OSF and United reached an agreement in March 2014 on the scope of United's response to the Subpoena, and they reached a cost-sharing agreement in July 2014. United, however, contends that the "highly confidential" designation in the Protective Order entered in the underlying action is insufficient. Under the existing Protective Order, entered by the trial court on June 7, 2013, "highly confidential" information can be disclosed only to outside counsel and expert witnesses, and can be used only for purposes of the underlying litigation. *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, No. 13 CV 1054 (C.D. Ill.) (Dkt. 20 at ¶3). Because of the "highly confidential and sensitive nature" of the information/data United will produce, it seeks an order limiting OSF's and Methodist's outside counsel and expert from providing counseling to their respective clients[1] "relating to (1) the negotiation of contracts with United; or (2) pricing of

---

[1] United originally sought to prevent the parties' outside counsel and retained experts from providing counseling to their respective clients *and to any other third parties*. (Dkt. 14, Resp to Mot. at 13). However, at the October 21, 2014 hearing, United dropped this third party language.

healthcare services (including the setting of reimbursement rates) between any hospital, ambulatory surgery center or other healthcare provider and United." (Dkt. 14, Resp to Mot. at 13).

While OSF asserts that United's proposal is "patently overbroad" (Dkt. 5, Mot. at 10), OSF has agreed to provide additional protection for United's "highly confidential" information as follows:

> Outside counsel in this litigation who view United's claims data (or summaries thereof) will not provide advice regarding the reimbursement of healthcare services—*i.e.*, pricing—between United or its competitors and any hospital, ambulatory surgical center, or other health care provider in Illinois unless such advice is related solely to the underlying litigation.[2]

(Dkt. 17, Reply at 1).

United relies on the Seventh Circuit's decision in *Ball Memorial Hospital, Inc. v. Mutual Medical Insurance, Inc.*, 784 F.2d 1325 (7th Cir. 1986), to argue that the additional protections it requests are warranted. (Dkt. 14, Resp to Mot. at 9–13). United argues that "this Court—like the *Ball Memorial* court—should prohibit any trial counsel . . . who obtains access to United's confidential business information from advising their respective clients concerning any aspect of "negotiations" with United." (*Id.* at 13). In *Ball Memorial*, an antitrust case brought by 80 acute-care hospitals against Blue Cross and Blue Shield of Indiana, the defendants fought discovery of their pricing data, arguing that "the data are trade secrets, that they had pledged confidentiality to the hospitals, and that they feared [Plaintiffs] could use the comparative price information to raise their prices or collude in future years." 784 F.2d at 1330, 1345. The district court agreed that the data was sensitive and proposed a protective order that restricted access "only to trial counsel to this lawsuit who are engaged in the preparation for trial and who have neither represented nor will represent *for 18 months* any hospital, the Indiana Hospital Association, or any other entity in connection with the Blue Cross PPO on any matter other than the trial of the case." *Id.* at 1345 (alterations omitted)(emphasis added). Plaintiffs' counsel refused these restrictions and therefore was denied access to the data. *Id.* Requesting a new trial on appeal, Plaintiffs argued that their lack of access to the data prevented them from effectively examining Defendants' witnesses. *Id.* at 1345–46. The Seventh Circuit affirmed, finding that it was within the district judge's "substantial discretion to decide which information should be protected and to frame the [protective] order." *Id.* at 1346.

---

[2] At the October 21, 2014 hearing, United agreed that this limitation addressed its concerns with respect to the "highly confidential" information being shared with experts. The only dispute remaining then is whether OSF's and Methodist's outside counsel should be prevented from advising their respective clients in contract negotiations with United.

2

The Court finds the *Ball Memorial* case distinguishable from the facts here. The Seventh Circuit's approval of the district judge's *proposed* protective order focused on two factors: (1) "[a]ccess to the data could turn an antitrust suit into the basis of effective collusion" among the hospitals; because (2) plaintiffs' counsel "regularly represented them in price negotiations with [defendants]." *Ball Memorial*, 784 F.2d at 1346. These concerns are not present here. First, there is no risk of collusion. This case is between two hospitals who cannot share the pricing data received from United with any other providers. Second, OSF's outside counsel are not business agents. In *Ball Memorial*, the Seventh Circuit found that "[w]hen counsel act as the negotiators, they become business agents of the Hospitals, and there is little difference between providing information to the president of a hospital and providing it to the hospital's lawyer-agent." 784 F.2d at 1346. Here, OSF's outside counsel stated on the record at the October 21, 2014 hearing that in connection with pricing agreements, they advise their client only with regard to regulatory issues, litigation exposure, and routine drafting matters. (*See also* Dkt. 17, Reply at 4). Of significance to this Court is the fact that the protective order in *Ball Memorial* was never implemented. 784 F.2d at 1345. United has not cited, and this Court has not found, any cases where a protective order restricted a lawyer's ability to advise his or her client on certain matters, as opposed to restricting the proper use of the materials being produced. United has not provided this Court any reason for such a departure from the norm in this matter.

The Court believes that the Protective Order entered in the underlying case is sufficient to protect United's confidential information. It limits the information to outside counsels' and experts' eyes only—excluding in house counsel—and limits the use of the information to this litigation only. The Court presumes that counsel and expert witnesses will abide by the letter and spirit of the Protective Order. *See Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987) ("We will not assume that counsel would breach the duty of an officer of the court by disclosing the sales information to Truswal or to any Hydro-Air competitor in violation of a protective order."); *accord JAB Distribs., LLC v. London Luxury, LLC*, No. 09 CV 5831, 2010 WL 4008193, at *4 (N.D. Ill. Oct. 13, 2010).

Consistent with OSF's agreement, in addition to the protections contained in the Protective Order, United's "highly confidential" information will be protected as follows:

> Outside counsel or experts in this litigation who view United's production will not provide advice regarding the reimbursement of healthcare services—*i.e.*, pricing—between United or its competitors and any hospital, ambulatory surgical center, or other health care provider in Illinois unless such advice is related solely to the underlying litigation.[3]

---

[3] While OSF and United provided Methodist with notice of the October 21, 2014 hearing, Methodist did not appear.

> Within 7 days of the entry of this Order, counsel for OSF and Methodist will each provide United the names of their respective expert witnesses who will view any information produced by United.
>
> United is ordered not to share the identity of either party's experts with the other party.
>
> If United has any objections to any of OSF's or Methodist's expert witnesses viewing United's claims data, it shall file an objection with this Court within 14 days of receiving such names.

OSF's Motion to Compel Discovery of United is **GRANTED**. United shall produce the claims/pricing data by December 1, 2014. All other information responsive to the Subpoena shall be produced by November 10, 2014.

OSF's request for fees and costs is **DENIED.**

Dated: October 27, 2014          *Mary M Rowland*

4